IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| LEE L. LOPEZ, | Cause No. CV 22-32-BU-BMM |
| Plaintiff, | |
| vs. | ORDER |
| MARK JOHNSON and ED LESTER, both in official capacity, | |
| Defendants. | |

Plaintiff Lee L. Lopez filed this this action under 42 U.S.C. § 1983 alleging

violation of his civil rights on April 27, 2022. (Doc. 2.) The Court explained some

deficiencies in Lopez's pleading and gave him an opportunity to amend his

complaint on May 16, 2022. (Doc. 5.)

## I.  Lopez's Allegations

Lopez, a pretrial detainee, contends that cells at the Butte-Silver Bow

Detention Center are so overcrowded that he was required to sleep on the floor

rather than on a bunk or platform.  In administrative segregation, he had no toilet

or sink.  Lopez also contends that the jail failed to provide adequate legal

resources. (*See* Am. Compl. (Doc. 7) at 3–8, 11–12.)

Lopez names Defendant Johnson, the Captain in charge of the facility, and

Defendant Lester, the Sheriff, in their official capacities.  (*See id*. at 2 ¶ I(B)).  For

1

his relief, he seeks compensatory damages of $1,500 per day of incarceration and punitive damages of $1,500,000.  (*See id*. at 12.)

Lopez also seeks injunctive relief, but he is no longer held at Butte-Silver Bow. Injunctive relief is not available.  *See e.g. Preiser v. Newkirk*, 422 U.S. 395, 402–03 (1975); *Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013).

## II.  Analysis

Lopez brings suit under 42 U.S.C. § 1983. (*See* Am. Compl. (Doc. 7) at 10 ¶ II(A)).  "To state a claim under § 1983, a plaintiff [1] must allege the violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Naffe v. Frey*, 789 F.3d 1030,1035–36 (9th Cir. 2015).

### A. Unconstitutional Conditions of Confinement

A jail condition or restriction reasonably related and proportionate to a legitimate governmental or penological objective generally does not violate the Constitution.  *See, e.g.*, *Bell v. Wolfish*, 441 U.S. 520, 538–39 (1979); *see also Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015).  A condition that causes a "substantial risk of serious harm" to the prisoner, however, violates the Constitution. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Overcrowding itself does not violate the Constitution.  A plaintiff must

allege facts showing that overcrowding causes harm, for example, by contributing to unsafe or unsanitary conditions, reducing the provision of other constitutionally required services, or making the institution unfit for human habitation. *See, e.g.*, *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Hoptowit v. Ray*, 682 F.2d 1237, 1249 (9th Cir. 1982).  A prisoner's subjection to unsanitary conditions that are severe or prolonged also may rise to the level of unpermitted punishment or infliction of pain.  *See, e.g.*, *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995).

Lopez asserts that when he was forced to sleep on the floor, his cellmates had to step over him to get in and out.  They became frustrated and stepped on him, kicked or yelled at him, and intimidated and swung at him, and talked down to him. (*See e.g.*, Am. Compl. at 3.)  He states that "the violence of fighting broke out everywhere, especially in E Pod," and he "witnessed five fights in two days, and multiple others throughout being a third person in cell."  (*Id.* at 12 ¶ IV(D)).  He also points out that sleeping on the floor of a jail cell is unsanitary.  (*See id.*)

These conditions are far from ideal and certainly unpleasant.  The facts Lopez alleges fail to support an inference, however, that he faced a substantial risk of serious harm to himself.  He states that he slept on the floor for about four days in December 2021 and about 15 days in February and March 2022, *see* (*id.* at 11–12), a limited amount of time. Lopez does not allege that he suffered physical

harm. The short tempers and altercations Lopez describes do not fall outside the range of typically stressful jail conditions.  The facts alleged do not suggest that Lopez's conditions were caused or significantly aggravated by overcrowding.

Lopez additionally contends that the conditions he identifies violate applicable policies.  The Constitution does not require state or local officials or employees to act in accordance with state or local law or policy.

### B. Access to Law Library

Prisoners are entitled to legal resources or legal assistance enabling them to pursue remedies against prison injustices.  *See e.g. Entler v. Gregoire*, 872 F.3d 1031, 1039 (9th Cir. 2017);  *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).  To show a violation of this right, a prisoner must show that he attempted to file a non-frivolous legal claim or grievance and was unable to do so because he did not have sufficient guidance or resources.  *See Lewis v. Casey*, 518 U.S. 343, 348 (1996).

Lopez alleges that the jail provided out-of-date materials and deprived him altogether of federal legal resources and blank paper on which to take notes.  (*See* Am. Compl. at 7–8.)  Jail officials must ensure inmates are capable of bringing challenges to their convictions and sentences or to their conditions in jail, but they need not do that by providing law books or statutes.  Providing forms will usually suffice.  *See Lewis*, 518 U.S. at 352, 356–57.  Lopez does not identify a non-

frivolous legal claim or grievance that he unsuccessfully attempted to file.

Lopez also contends that the attorney appointed to represent him in his criminal case was inadequate because she was overworked.  (*See* Am. Compl. at 12 ¶ V.)  If Lopez's counsel performed unreasonably and violated his Sixth Amendment right to effective assistance of counsel, other remedies will be available to him in state and/or federal court.  His lack of access to legal resources in jail did not cause his trial attorney's workload.

### III. Conclusion

The overcrowding issue which caused Lopez to have to sleep on the floor was no doubt a difficult condition at the Butte Silver Bow Detention Center.  The Court cannot say it rose to the level of violating the Constitution.  Lopez endured the condition for a relatively brief period of time.  He alleges no reason to suppose he was exposed to a substantial risk of serious harm.  Lopez's complaints concerning legal resources fail to meet the elements of a claim.  Despite his opportunity to amend these claims, Lopez fails to state a claim on which relief may be granted.

### IV.   Administrative Segregation Claim

As mentioned above, the Constitution does not mandate that prisons be comfortable.  *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).  The Constitution

also does not require correctional facilities to provide every amenity that a prisoner might find desirable. *Hoptowit*, 682 F. 2d at 1246. The Constitution will not permit inhumane prison conditions. *See Farmer*, 511 U.S. at 832. "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnston v. Lewis*, 217 F. 3d 726, 731 (9th Cir. 2000). "The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred. 'The more basic the need, the shorter the time it can be withheld.'" *Id.* (*citing Hoptowit*, 682 F. 2d at 1259.)

Lopez's remaining claim requires a response from Defendants. Lopez alleges that he was held in a "dry" ad seg cell that had no sink or toilet. He states that his conditions were not equivalent to those of inmates in general population, because he had "no human contact and no recreation twice a day." (*See* Am. Compl. at 5.) Lopez lived in ad seg for approximately 20 days in December 2021 and January 2022 and for about 14 days in January and February 2022. (*See id.* at 11, 12 ¶ IV(C)).

When asked to provide additional information regarding these conditions and how he was able to relieve himself, Lopez explained that he would be taken out of his cell and into a restroom. (Doc. 11 at 2.) He explains that one guard who refused to take him to the restroom and, consequently, he would be forced to

relieve himself in a drinking glass.  (*Id*.)  Lopez claims he was not given a clean

drinking glass and was forced to rinse and reuse the glass in which he had urinated.

(*Id*.)  Lopez also states that there were times he would have to "wait hours" before

being taken to the restroom.  (*Id*.)  Lopez explains that because there existed no

separately sectioned part of the detention center for administrative segregation

inmates, they are placed in a cell in the booking area.  (*Id*.)  Lopez states that he

was locked down all day and was provided no recreation time during his stay in

administrative segregation.  (*Id*.)

As a pretrial detainee, Lopez has the right to be free from punishment under

the Fourteenth Amendment.  *Bell*, 441 U.S. at 533.  The test for identifying

unconstitutional punishment at the pretrial stage of a criminal proceeding requires

a court to examine "whether there was an express intent to punish or 'whether an

alternative purpose to which [the restriction] may rationally be connected is

assignable for it, and whether it appears excessive in relation to the alternate

purposes assigned [to it].'"  *Demery v. Arpaio*, 378 F. 3d 1020, 1028 (9th Cir.

2004)(quoting Bell, 441 U.S. at 538).  "For a particular governmental action to

constitute punishment, (1) that action must cause the detainee to suffer some harm

or 'disability,' and (2) the purpose of the governmental action must be to punish

the detainee."  *Demery*, 378 F. 3d at 1029.  Further, to constitute punishment, the

harm or disability caused "need not be independently cognizable as a separate

constitutional violation." *Id*.  Rather "to constitute punishment, the harm or disability caused by the government's action must either significantly exceed, or be independent of, the inherent discomforts of confinement." *Id*. at 1030.  The Court evaluates a pretrial detainee's Fourteenth Amendment claim under an objective deliberate indifference standard. *See Gordon v. County of Orange*, 888 F. 3d 1118, 1124-25 (9th Cir. 2018).

The conditions described relative to Lopez's stay in administrative segregation may rise to the level of violating the Constitution. At this juncture, these allegations support an inference that he was deprived of the "minimal civilized measure of life's necessities." *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  The Court understands that the cells in the booking/administrative segregation area of the detention center do not have individual toilets and sinks. Refusing a pretrial detainee regular and necessary use of the toilet and access to drinking water may constitute punishment under the Fourteenth Amendment. Additionally, Lopez's allegation of a complete denial of recreation time out of his cell supports a similar inference.  Lopez states a viable claim relative to his conditions of confinement in administrative segregation.  Dismissal is not appropriate at this time and Defendants must respond. *See* 42 U.S.C. § 1997d(g)(2).

Accordingly, **IT IS ORDERED**:

1. Aside from the administrative segregation claim, all other claims contained in Lopez's Amended Complaint (Doc. 7) are **DISMISSED**.

2. Pursuant to Fed.R.Civ.P. 4(d), the Court requests Defendants waive service of summons of the Amended Complaint by executing, or having counsel execute, the Waiver of Service of Summons.   The Waiver must be returned to the Court within 30 days of the entry date of this Order.  If Defendants choose to return the Waiver of Service of Summons, the answer or appropriate motion will be due within 60 days of the date of this Order pursuant to Fed.R.Civ.P. 12(a)(1)(B).  *See also* 42 U.S.C. § 1997e(g)(2).

3.  The Clerk of Court shall serve the following documents on Defendants at the Butte Silverbow Detention Center:

*  Amended Complaint and Notice (Docs. 7 & 12);

*  this Order;

*   a Notice of Lawsuit & Request to Waive Service of Summons; and

*  a Waiver of Service of Summons.

4.   Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a

notice.  The Court will not consider requests made or information presented in letter form.

5.  Lopez <u>shall not</u> make any motion for default until at least 70 days after the date of this Order.

6.  Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

7.  At all times during the pendency of this action, Lopez must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P.  41(b).

DATED this 2nd day of March, 2023.


_____
Brian Morris, Chief District Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| LEE L. LOPEZ, | Cause No. CV 22-32-BU-BMM |
| Plaintiff, | |
| vs. | RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS |
| MARK JOHNSON and ED LESTER, both in official capacity, | |
| Defendants. | |

TO:  Mark Johnson
     Ed Lester
     Butte Silverbow Detention Center
     155 W. Quartz Street
     Butte, MT 59701

A lawsuit has been filed against you in this Court under the number shown

above.  A copy of the Amended Complaint (Doc. 7) is attached.  This is not a

summons or an official notice from the Court.  It is a request that, to avoid the cost

of service by the U.S. Marshals Service, you waive formal service of a summons

by signing and returning the enclosed waiver.  To avoid these expenses, you must

file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

      If you file the signed waiver, the action will then proceed as if Defendant was served on the date the waiver is filed, but no summons will be served on Defendant and Defendant will have 60 days from the date this notice is sent to answer the Complaint.  If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshals Service to personally serve the summons and Complaint on Defendants and may impose the full costs of such service.  Please read the statement below about the duty to avoid unnecessary expenses.

      DATED this 2nd day of March, 2023.


_____
Brian Morris, Chief District Judge
United States District Court

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| LEE L. LOPEZ, | Cause No. CV 22-32-BU-BMM |
| Plaintiff, | |
| vs. | |
| MARK JOHNSON and ED LESTER, both in official capacity, | RULE 4 WAIVER OF SERVICE OF SUMMONS |
| Defendants. | |

TO:   The U.S.  District Court for the District of Montana

The following Defendant(s) acknowledges receipt of your request to waive service of summons in this case.  Defendant also received a copy of the Amended Complaint (Doc. 18).  I am authorized by the following Defendant(s) to agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P.  4:

_____; _____;

_____; _____;

_____; _____;

_____; _____;

1

The above-named Defendant(s) understands that he will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waives any objections to the absence of a summons or of service.  Defendant also understands that he must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if he fails to do so default judgment will be entered against him.

Date: _____

_____
(Signature of the attorney
or unrepresented party)


_____
(Printed name)


_____
(Address)


_____
(E-mail address)


_____
(Telephone number)