Cynthia L. Walker
Shelby K. Towe
BOONE KARLBERG P.C.
201 West Main, Suite 300
P. O. Box 9199
Missoula, MT 59807-9199
Phone:  (406) 543-6646
Fax:     (406) 549-6804
cwalker@boonekarlberg.com
stowe@boonekarlberg.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| LEE L. LOPEZ,<br><br>  Plaintiff,<br><br>v.<br><br>MARK JOHNSON, and ED LESTER, both in official capacity,<br><br>  Defendants. | CV 22-32-BU-BMM-JTJ<br><br>**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |

Defendants Mark Johnson and Ed Lester (referred to collectively herein as "Defendants"), by and through counsel, respond as follows to Plaintiff Lee Lopez's ("Lopez") Amended Complaint for Violation of Civil Rights ("Amended Complaint") (Doc. 7):

As a threshold matter, Lopez's claims alleging unconstitutional conditions of confinement and deprivation of access to legal resources have already been

dismissed. (Doc. 13, p. 9.) Defendants therefore respond only to the allegations concerning Lopez's sole surviving claim: Administrative Segregation.

**I.     Parties**

A.     In response to paragraph I.A of the Amended Complaint, Defendants admit Lopez was a pre-trial detainee at the Butte-Silver Bow Detention Center ("BSBDC") located at 155 W. Quartz Street in Butte, Montana.

B.     In response to paragraph I.B of the Amended Complaint and with respect to Defendant No. 1, Defendants admit Mark Johnson is and was employed by the City and County of Butte-Silver Bow ("BSB") in the position of Chief Detention Officer at the BSBDC located at 155 W. Quartz Street in Butte, Montana.

C.     In response to paragraph I.B of the Amended Complaint and with respect Defendant No. 2, Defendants admit Ed Lester is the elected Sheriff of BSB and is the chief law enforcement administrative officer of BSB and the BSB Law Enforcement Department is under the control and supervision of the Sheriff, which includes the BSBDC located at 155 W. Quartz Street in Butte, Montana.

D.     In response to paragraph I.B. of the Amended Complaint and with respect to Defendant No. 3, Lopez appears to have crossed out Lacey Williams, so Defendants assume Lopez is not pursuing a claim against Lacey Williams. Therefore, no response to that portion of paragraph I.B. by Defendants is required. If a response is required, Defendants deny any such claim or allegations against Lacey Williams.

E. In response to paragraph I.B of the Amended Complaint and with respect to Defendant No. 4, Lopez appears to have crossed out Ann M. Shea, so Defendants assume Lopez is not pursuing a claim against Ann M. Shea. Therefore, no response to that portion of paragraph I.B. is required. If a response is required, Defendants deny any such claim or allegations against Ann M. Shea.

F. In response to paragraph I.B. of the Amended Complaint and with respect to the designations of Defendants in their "official capacities," Defendants admit Lopez has sued each of them in their official capacities, but not in their individual capacities. Defendants admit that because Defendant Ed Lester is and was the Sheriff of BSB, he is the authorized final policymaker under Montana law for the BSBDC. However, Defendants deny Defendant Mark Johnson, as the Chief Detention Officer, is an authorized final policymaker under Montana law for the BSBDC.

**II. Basis for Jurisdiction**

A. In response to paragraph II.A of the Amended Complaint, Defendants admit they were and are state officials employed by BSB.

B. In response to paragraph II.B of the Amended Complaint, Defendants admit Lopez is claiming violations under 42 U.S.C. § 1983; however, Defendants deny that Lopez is entitled to relief under 42 U.S.C. § 1983 or any other state or federal law and further deny that any of Lopez's rights were violated, including those provided by the Eighth and Fourteenth Amendments.

    C.    In response to paragraph II.C of the Amended Complaint, Defendants deny that Lopez can pursue a *Bivens* claim against Defendants because Defendants are not federal officials. Defendants further deny that any of Lopez's rights were violated, including those provided by the Eighth and Fourteenth Amendments.

    D.    In response to paragraph II.D of the Amended Complaint, Defendants admit Lopez is claiming violations under 42 U.S.C. § 1983; however, Defendants deny Lopez is entitled to relief under 42 U.S.C. § 1983 or any other state or federal law and further deny that any of Lopez's rights were violated, including those provided by the Eighth and Fourteenth Amendments.

## III.  Prisoner Status

In response to paragraph III of the Amended Complaint, Defendants admit Lopez was a pretrial detainee at the BSBDC at the time of the allegations alleged in his Amended Complaint.

## IV.  Statement of Claim

Plaintiff's Statement of Claim is not set forth in numbered paragraphs, so for purposes of this Answer and in the interest of judicial convenience, Defendants treated each of Lopez's paragraphs under the Administrative Segregation Count as separate sections and responded to each sentence set forth therein.

### A. Claim for Unconstitutional Confinement: Sleeping on the Floor

The Court already dismissed Lopez's claim for unconstitutional confinement. (Doc. 13, p. 5.) Defendants are therefore not required to respond to those allegations, but to the extent a response is required, Defendants deny all such allegations.

### B. Claim for Administrative Segregation

Lopez's only surviving claim is his administrative segregation claim. (Doc. 13, p. 8.)

### Paragraph 1 of Administrative Segregation Claim

> County of Silver Bow lack of oversight of the BSB Detention Center, Detention Standards Policies and procedures subjects inmates like Mr. Lopez to the inhumane living condition on Administrative Segregation. Administrative Segregated inmates like Mr. Lopez are supposed to have the same living conditions as general population. Leaving inmates like Mr. Lopez to live in a cell/room without a sink or toilet for 20 days and again for another 13 days with no human contact and no recreation twice a day for inmates who are locked down for more than 10hrs. a day. Per The Detention Standards Policies and Procedures. Thus violating Mr. Lopez's 8th and 14th Amendments of the U.S. Constitution.

1. Defendants deny the allegations in sentence 1.

2. The allegations in sentence 2 state a legal conclusion to which no response is necessary. To the extent a response is required, Defendants deny the allegations in sentence 2.

3. Defendants admit Lopez was temporarily housed in a "wait and hold" cell located in the booking area at the BSBDC that did not have a sink or a toilet due

to behavioral and mental health issues he was experiencing. Defendants deny that Lopez was denied access to suitable restroom and shower facilities while temporarily housed in the "wait and hold" cell. Defendants deny the remaining allegations in sentence 3.

4. Sentence 4 is incomplete ("per the detention standards policies and procedures") and does not set forth any allegations. Therefore, no response by Defendants is required. To the extent a response is required, Defendants deny sentence 4.

5. Defendants deny the allegations in sentence 5, and affirmatively state that the Eighth Amendment does not apply to Lopez during his status as a pretrial detainee. *Norbert v. City & Cty. of S.F.*, 10 F.4th 918, 928 (9th Cir. 2021).

### Paragraph 2 of Administrative Segregation Claim

> not conducting weekly or at least Bi-weekly inspections back in the pods. Mark Johnson Does not help improve the safety, sanitary, humane living conditions for the inmates like Mr. Lopez while on Administrative Segregation. Mr. Lopez was placed in wait and holding (W/H) cell for (20) twenty days with no sink or toilet, he did not recieve recreation twice a day for inmates locked down for more than 10 hrs. a day per Detention Standard policies and Procedures. Thus violating Mr. Lopez 8th and 14th Amendments. This happened more than once. Another time for (13) days.

6. Defendants deny the allegations in sentence 6.

7. Defendants deny the allegations in sentence 7.

8.	Defendants admit Lopez was temporarily housed in a "wait and hold" cell located in the booking area at the BSBDC that did not have a sink or a toilet due to behavioral and mental health issues he was experiencing.  Defendants deny that Lopez was denied access to suitable restroom and shower facilities while temporarily housed in the "wait and hold" cell.  Defendants deny the remaining allegations in sentence 8.

9.	Defendants deny the allegations in sentence 9, and affirmatively state that the Eighth Amendment does not apply to Lopez during his status as a pretrial detainee.  *Norbert v. City & Cty. of S.F.*, 10 F.4th 918, 928 (9th Cir. 2021).

10.	Defendants admit Lopez was temporarily housed in a "wait and hold" cell located in the booking area at the BSBDC that did not have a sink or a toilet due to behavioral and mental health issues he was experiencing.  Defendants deny that Lopez was denied access to suitable restroom and shower facilities while temporarily housed in the "wait and hold" cell.  Defendants deny the remaining allegations in sentence 10.

11.	Defendants admit Lopez was temporarily housed in a "wait and hold" cell located in the booking area at the BSBDC that did not have a sink or a toilet due to behavioral and mental health issues he was experiencing.  Defendants deny that Lopez was denied access to suitable restroom and shower facilities while temporarily housed in the "wait and hold" cell.  Defendants deny the remaining allegations in sentence 11.

**Paragraph 3 of Administrative Segregation Claim**

> Ed Lester lack of oversight on Mark Johnson at the BSB Detention Center led to inmates like Mr. Lopez subjected to be placed in a cell/room called Wait on Holding (W/H) on Administrative Segregation. This cell/room has no toilet or sink in it. Mr. Lopez stayed in this cell/room for 20 day. Then another time for (13) days with no human contact, no recreation twice a day. Mr. Lopez living conditions did not meet the requirements of Detention Standards policies and procedures. On Administrative Segregation inmates are supposed to have the living conditions as general population. Subjecting Mr. Lopez leaving him to have audiotary hallucinations, night mares, lack of sleep. Thus violating Mr. Lopez 8th and 14th Amendments of the U.S. Constitution.

12.     Defendants admit Lopez was temporarily housed in a "wait and hold" cell located in the booking area at the BSBDC that did not have a sink or a toilet due to behavioral and mental health issues he was experiencing. Defendants deny that Lopez was denied access to suitable restroom and shower facilities while temporarily housed in the "wait and hold" cell. Defendants also deny any lack of oversight by Defendant Ed Lester and all remaining allegations in sentence 12.

13.     Defendants admit Lopez was temporarily housed in a "wait and hold" cell located in the booking area at the BSBDC that did not have a sink or a toilet due to behavioral and mental health issues he was experiencing. Defendants deny that Lopez was denied access to suitable restroom and shower facilities or human contact while temporarily housed in the "wait and hold" cell. Defendants deny all remaining allegations in sentences 13 through 15.

14.     The allegations in sentences 16 and 17 state legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations in sentences 16 and 17.

15.     Defendants lack sufficient knowledge or information to admit or deny the allegations in sentence 18 concerning whether Lopez suffered auditory hallucinations or nightmares, and therefore deny the same.  Defendants deny that any alleged act or omission by either of them caused Lopez any alleged harm, including but not limited to, the symptoms alleged by Lopez in sentence 18.

16.     Defendants deny the allegations in sentence 19, and affirmatively state that the Eighth Amendment does not apply to Lopez during his status as a pretrial detainee.  *Norbert v. City & Cty. of S.F.*, 10 F.4th 918, 928 (9th Cir. 2021).

**Paragraph 4 of Administrative Segregation Claim**

> While on Administrative Segregation in wait and holdin (W/H) in booking, Mr. Lopez reported to Staff at the BSB Detention Center about the living conditions that are inhumane for inmates like Mr. Lopez. Per Detention Standards Policies and Procedures Mr. Lopez living conditions did not meet the requirements for Administrative Segregated inmates like Mr. Lopez to have the same living conditions as general population like a toilet and sink in the same cell/room. Recreation twice a day for Inmates like Mr. Lopez locked down for more than 10 hrs. a day. Thus violating Mr. Lopez 8th and 14th Amendments.

17.     In response to sentence 20, Defendants admit Lopez was temporarily housed in a "wait and hold" cell located in the booking area at the BSBDC that did not have a sink or a toilet due to behavioral and mental health issues he was

9

experiencing. Defendants deny that Lopez was denied access to suitable restroom and shower facilities or subjected to inhumane conditions. Defendants also admit that Lopez filed grievances with BSBDC staff during his time there complaining about the conditions of his incarceration.

18. Sentence 21 states a legal conclusion to which no response by Defendants is necessary. To the extent a response is required, Defendants deny the allegations in sentence 21.

19. Sentence 22 is incomplete ("Recreation twice a day for inmates like Mr. Lopez locked down for more than 10 hrs a day") and does not set forth any allegations. Therefore, no response by Defendants is required. To the extent a response is required, Defendants deny the allegations in sentence 22.

20. Defendants deny the allegations in sentence 23, and affirmatively state that the Eighth Amendment does not apply to Lopez during his status as a pretrial detainee. *Norbert v. City & Cty. of S.F.*, 10 F.4th 918, 928 (9th Cir. 2021).

21. Defendants deny all other allegations in Lopez's Amended Complaint not admitted or otherwise qualified herein.

**C. Claim for Access to Legal Material**

The Court already dismissed Lopez's claim for deprivation of access to legal materials premised on deficient law books and insufficient access to law books. (Doc. 13, p. 5.) Defendants are therefore not required to respond to these allegations. To the extent a response is required, Defendants deny all such allegations.

**V.       Injuries**

Defendants deny all allegations set forth in paragraph IV of Plaintiff's Amended Complaint in their entirety.

**VI.      Relief**

Defendants deny that Lopez is entitled to any monetary or injunctive relief in relation to the allegations of his Amended Complaint. Further, this Court already dismissed Lopez's claims for injunctive relief. (Doc. 13, p. 2.)

**VII.     Exhaustion of Administrative Remedies Administrative Procedures**

Defendants admit that Lopez filed a grievance with the BSBDC regarding his surviving Administrative Segregation Claim, which Lopez alleges arose during his time at BSBDC as a pretrial detainee. Defendants deny all remaining allegations in paragraph VII of the Amended Complaint, including all subsections.

**VIII.    Previous Lawsuits**

Defendants lack sufficient knowledge or information to admit or deny whether Lopez has filed any other lawsuits pertaining to his claims in this matter, and therefore deny the same.

**IX.      Certification and Closing**

Paragraph IX of the Amended Complaint does not set forth any allegations. Therefore, no response by Defendants is necessary. To the extent a response is required, Defendants deny any allegations of Paragraph IX.

**AFFIRMATIVE DEFENSES**

1. Lopez's Amended Complaint fails to state a claim for which relief can be granted with respect to any alleged violations of his Eighth or Fourteenth Amendment rights. The Eighth Amendment does not apply to Lopez as a pretrial detainee, *Norbert v. City & Cty. of S.F.*, 10 F.4th 918, 928 (9th Cir. 2021), and therefore, he cannot pursue a claim for violation of his rights under the Eighth Amendment. Defendants further deny that any of Lopez's rights were violated, including but not limited to those provided by the Fourteenth Amendment—which supplies the applicable standard for pretrial detainees.

2. No deficient policy or custom of BSB caused a violation of Lopez's federal civil rights.

3. No act or omission by either of the Defendants caused a violation of Lopez's federal civil rights, and no act or omission of either Defendant was objectively unreasonable.

4. No Defendant made an intentional or purposeful decision about the conditions of Lopez's confinement which put Lopez at a substantial risk of suffering serious harm.

5. No Defendant failed to take measures to abate a substantial risk of serious harm to Lopez or caused injury to Lopez.

6. No Defendant acted with the express intention or purpose to punish Lopez.

7. No Defendants action or inaction caused Lopez to suffer harm or disability.

8. No Defendant acted with reckless disregard to Lopez's health or safety.

9. Lopez's alleged harm does not exceed, and is not independent of, the inherent discomforts of confinement.

10. No Defendant was objectively or deliberately indifferent concerning the conditions of Lopez's confinement.

11. Defendants were not personally involved in any alleged violation of Lopez's federal constitutional rights, and they did not cause any alleged violation of Lopez's federal civil rights.

12. Defendants did not create any alleged policy relied upon by Lopez, and Defendant Johnson is not an authorized policymaker for BSB.

13. In the event any individual capacity claim is alleged, no act or omission of any Defendant violated a clearly established right of Lopez of which a reasonable officer would believe is unlawful, and Lopez's claims against Defendants are barred by qualified immunity.

14. No Defendant ratified an unlawful decision or act of a subordinate or the basis for it.

15. There is no vicarious liability under the Federal Civil Rights Act, and no Defendant was the employer of another Defendant.

16. No act or omission of a Defendant caused Lopez to suffer a physical injury, and under the Prison Litigation Reform Act, Lopez may not recover emotional damages.

17. Lopez was not damaged or injured in the manner or to the extent claimed, and no act or omission of the Defendants caused him to suffer actual injury.

18. Defendants are immune from liability for punitive damages in their official capacities.

19. No Defendant acted with an evil motive or intent, or with reckless or callous indifference to Lopez's federal civil rights, and in the event any individual capacity claim is alleged, Lopez may not recover punitive damages against Defendants in their individual capacities.

\* \* \*

Wherefore, having fully answered Lopez's Amended Complaint, Defendants request judgment as follows:

1. For dismissal of Lopez's claims against each of the Defendants on the merits;

2. For an award of each Defendant's lawful costs of suit expended; and

3. For such other and further relief as is just and equitable.

## **JURY DEMAND**

The Defendants demand a trial by jury.

DATED this 31st day of May, 2023.

                                            /s/ Cynthia L. Walker
                                            Cynthia L. Walker
                                            BOONE KARLBERG P.C.
                                            *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

This is to certify that on the 31st day of May, 2023, the foregoing was duly served on the following by the means indicated:

| | |
|---|---|
| __1__ | CM/ECF |
| _____ | Hand Delivery |
| __2__ | Mail |
| _____ | Overnight Delivery |
| _____ | Facsimile |
| _____ | E-Mail |

1. Clerk of U.S. District Court

2. Lee Lopez
   Helena Pre-Release Center
   805 Coleen St.
   Helena, MT 59601
   *Pro Se Plaintiff*

                                            /s/ Cynthia L. Walker
                                            Cynthia L. Walker
                                            BOONE KARLBERG P.C.
                                            *Attorneys for Defendants*