**1.     Conference for Trial Preparation**.  On or before the date to be set by the Court, counsel for Defendants shall convene a conference with Plaintiff to complete the Final Pretrial Order, to exchange exhibits and witness lists, and to complete or plan for the completion of all items listed in L.R. 16.4(b).

The Final Pretrial Order shall comply with the form prescribed by Fed. R. Civ. P. 26(a)(3)(A)(i)-(iii) and Local Rule 16.4.  Except for relevancy, objections to the use or designation of deposition testimony are waived if they are not disclosed on the opposing party's witness list, and objections to exhibits are waived if they are not disclosed on the opposing party's exhibit list.  *See generally* Forms D, E, and F, Local Rules Appendix C.

**2.     Final Pretrial Order**.  Plaintiff and defense counsel must hand sign the proposed Final Pretrial Order.  Defense counsel shall scan and file the proposed document electronically on or before the date set by the Court.  *See* Local Rule 11.2(a)(2).  Counsel for Defendants shall also e-mail a copy of the proposed Final Pretrial Order to bmm_propord@mtd.uscourts.gov on or before the date set by the Court.  Once filed and signed by the Court, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of court for good cause shown.

**3.     Trial Exhibits**.

(a) Exhibits must be exchanged between the parties prior to the submission of the Final Pretrial Order.

(b) Each party must submit the following copies of each document exhibit to the Court as follows:

(i)  One set must be mailed to the Clerk of Court in Butte on or before the date set by the Court.  All exhibits must be clearly labeled and arranged in numerical order.  Plaintiff must mail these documents via the United States Postal Service and if incarcerated at Montana State Prison he may not submit them pursuant to the Prisoner E-Filing Project.

(ii)  A second set of document exhibits shall be submitted for the exclusive use of the Judge and delivered to the office of Judge Morris in Great Falls on or before the date to be set by the Court.  Defendants' exhibits shall be contained in a binder and must bear an extended tab showing the number of the exhibit.  Plaintiff's document exhibits must be arranged in numerical order and may be, but need not be, bound in a loose-leaf binder, with or without extended tabs.  These documents must be mailed to Judge Morris in Great Falls.  If Plaintiff is incarcerated at Montana State Prison he may not submit them pursuant to the Prisoner E-Filing Project.

(iii)  The Court will use the digital Jury Evidence Recording System

(JERS) which allows jurors to use a touch-screen to see the evidence admitted at trial in the jury room during their deliberations.[1]  Accordingly, Counsel shall also provide an electronic copy of Defendants' exhibits to the Court's courtroom deputy in Butte on or before the date set forth by the Court in a format compatible with the Jury Evidence Recording System (JERS).  The Clerk of Court will scan Plaintiff's exhibits into JERS.

  (c) Each exhibit must show the number of the exhibit.  The exhibit lists must identify those exhibits the party expects to offer and those the party may offer if the need arises.  Fed.R.Civ.P. 26(a)(3)(A)(iii); Form F, Local Rules Appendix C.

  (d) Exhibits marked for use at trial that have not been numbered in discovery shall be marked by Plaintiff using an agreed upon range of Arabic numbers and by Defendants using a different agreed upon range of Arabic numbers.  The parties shall not use the same range of exhibit numbers.

  (e) Each exhibit document will be paginated, including any attachments thereto.  That is, any document exhibits that contain more than one page must have page numbers clearly marked on each page of the exhibit.  Exhibit numbers shall not obscure the text or substance of the exhibit.  They shall be numbered in such a manner that if a sheet were to fall out it would be clear where it would properly belong, e.g., Pl.'s 2nd page of Ex. 1 would be numbered 1-2, 3rd page 1-3, etc.

  (f) <u>Exhibits shall not be duplicated</u>.  If one party plans to offer a particular exhibit, the other party shall not number and submit the same exhibit.  An exhibit may be used by either of the parties.  No two exhibits shall bear the same number.

  (g) All objections to exhibits must be made at or before the final pretrial conference.  Objections not timely made will be deemed waived at trial.

  (h) <u>Failure to comply with (a) through (g) above may result in the exclusion of the exhibit at trial.</u>

**4.** **Trial Briefs**.  Trial briefs are optional but if filed must be received by the Court on the date to be set by the Court.

**5.** **Final Pretrial Conference**.  A final pretrial conference will be held on the date and time to be set by the Court with a jury trial to follow immediately thereafter at the Mike Mansfield Federal Courthouse in Butte, Montana.

---

[1] Detailed information about how to use JERS, including contact information for District personnel who can assist in understanding and using JERS, is found on the Court's website, http://www.mtd.uscourts.gov under the headings "Attorneys: Presenting Your Case in the Courtroom."

6. **Jury Instructions**.

(a) The parties shall jointly prepare jury instructions upon which they agree (proposed joint instructions). If necessary, each party may also prepare a set of proposed supplemental instructions if different from the agreed joint instructions. **No two instructions shall be submitted with the same number.** The parties shall also prepare an agreed upon verdict form with the instructions. If a verdict form cannot be agreed to, each party shall prepare a separate verdict form together with a written statement explaining why they do not agree on a joint verdict form.

(b) <u>Filing of Joint Proposed Jury Instructions and Joint Proposed Verdict Form</u>: By the date to be set by the Court, any party filing electronically shall (1) file one working copy of the Joint Proposed Jury Instructions and Joint Proposed Verdict Form, and (2) e-mail the same documents, plus a clean copy of each, to bmm_propord@mtd.courts.gov.

(c) <u>Electronic Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms</u>: By the date to be set by the Court, each party shall (1) file one working copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, format to bmm_propord@mtd.uscourts.gov.

(d) <u>Conventional Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms</u>: By the date to be set by the Court, Plaintiff shall submit one working copy of his supplemental proposed Jury Instructions, together with his proposed verdict form if the parties do not jointly propose one to prison officials. If incarcerated by Montana State Prison, Plaintiff must submit these documents for scanning and e-mailing to the Court pursuant to the Prisoner E-Filing Project.

7. **Format of Jury Instructions.**
   (a) The <u>clean copy</u> shall contain:
      (1) a heading reading "Instruction No. ___", and
      (2) the text of the instruction.
   (b) The <u>working copy</u> shall contain:
      (1) a heading reading "Instruction No. ____",
      (2) the text of the instruction,
      (3) the number of the proposed instruction,
      (4) the legal authority for the instruction, and
      (5) the title of the instruction; i.e., the issue of law addressed by the proposed instruction.
   (c) Jury instructions shall be prepared in 14-point Times New Roman font.

**8.     Settling of Instructions**.  The Court will settle final jury instructions, on the record, prior to closing argument, at which time the parties may present argument and make objections.

**9.     Calling Witnesses at Trial**.  When a party calls a witness to testify at trial, they shall provide the Clerk of Court with four copies of a single page document, *see* Form I, Local Rules Appendix C, providing the following information about the witness:
    a) the full name and current address of the witness;
    b) a brief description of the nature and substance of the witness's testimony;
    c) the date the witness was deposed, or their statement was taken; and
    d) a listing of each exhibit to which the witness may refer during direct examination.

**10.    Technology.**  Any party intending to use CD-ROM technology or video teleconferencing for witnesses at trial shall notify the Court's I.T. Supervisor on or before the date set by the Court.
    The parties shall provide notice to the court reporter on or before the date set by the Court of their intent to use real-time.

**11.    Writs and Subpoenas.**
    (a) Defendants may subpoena witnesses in the usual manner.  Defendants must issue subpoenas to witnesses on their will-call witness list and may not release those witnesses without leave of Court.
    (b) Plaintiff's Subpoena Requests; Time to File.
        (1)    As Plaintiff has been granted leave to proceed in forma pauperis, 28 U.S.C. § 1915(d) requires officers of the Court to issue and serve witness subpoenas for trial.  **Plaintiff must submit his subpoena requests to the Court on or before the date set by the Court.**  Those subpoena requests must comply with the requirements set forth herein or the subpoenas will not be served.  If Plaintiff is incarcerated at Montana State Prison, these subpoena requests must be submitted pursuant to the Prisoner E-Filing Project.
        (2)    Plaintiff's subpoena requests must identify the witness by name, current address, a brief description of their expected testimony, an indication whether they are prisoners or not and whether Plaintiff anticipates that they will be prisoners at the time of trial, and on what date and at what time Plaintiff anticipates they will testify.  Plaintiff shall prepare a subpoena form for each witness he wants to subpoena to trial.  The Clerk of Court will provide him a copy of the standard subpoena form.
     (c) Plaintiff's Witnesses for Whom a Subpoena is Required.

    (1) If Plaintiff wishes to call a prisoner as a witness, Plaintiff must request a subpoena for the prisoner. Prisoner witnesses will most likely appear by video.

    (2) Non-prisoner witnesses who will appear voluntarily do not need to be subpoenaed. However, if Plaintiff expects a witness to appear voluntarily but the witness does not do so, trial will not be delayed while Plaintiff attempts to serve a subpoena on the witness. The Court may decline to order the service of a subpoena that is not requested by the time to be set by the Court.

    (3) Plaintiff need not subpoena any witness who is on Defendants' will-call witness list. However, if Defendants move before trial to quash a subpoena to any of their will-call witnesses, and if Plaintiff opposed quashing of the subpoena, Plaintiff may be required to pay that witness's fees.

    (4) Plaintiff is again advised that unretained expert witnesses may not be subpoenaed and that subpoenas may issue only to individuals who reside, are employed, or who regularly transact business in the District of Montana. *See* Fed. R. Civ. P. 45(c)(1).

  (d) Witness Fees.

    (1) Prisoner-witnesses are not entitled to fees.

    (2) As to all other witnesses Plaintiff intends to subpoena, and notwithstanding his forma pauperis status, Plaintiff must pay the witness fees appropriate to each witness which includes: a $40.00 witness fee plus mileage for the distance between his or her home or work address and the courthouse at a rate of $0.575 per mile. *See* 28 U.S.C. § 1821(b), (c)(2), (f); *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989).

    (3) The witness fee must be paid by institutional check or money order **MADE PAYABLE TO THE WITNESS**. The check or money order must be mailed separately to the Clerk of Court in Butte, Montana. The Court will not order service of any subpoena unless the Clerk's Office receives the appropriate witness attendance fee made payable to the witness.